UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| Bobby Earl Jefferson, Jr., | Case No. 16-cv-3137 (WMW/SER) |
| Plaintiff, | |
| v. | **ORDER ADOPTING IN PART AND REJECTING IN PART REPORT AND RECOMMENDATION** |
| Tom Roy, Minnesota Department of Corrections, Chris Pawelk, Roy Witte, Minncorr Industries, John R. King, Bruce Reiser, 3M, Stillwater Prison Officials, Jeff Lonsky, Steve Hammer, Terry Carlson, Carol Krippner, Reena Solheid, Alice Remillard, Anthony Forchas, and Arthur Dana Dickson, | |
| Defendants. | |

---

This matter is before the Court on the July 28, 2017 Report and Recommendation (R&R) of United States Magistrate Judge Steven E. Rau. (Dkt. 65.) The R&R recommends granting the motion to dismiss of Defendant 3M, granting the motion to dismiss of Defendants Tom Roy—in both his official and individual capacity—Minnesota Department of Corrections, MINNCOR Industries, and all individual state employees in their official capacities (collectively the State Defendants). The R&R also recommends granting the motion to dismiss of Defendant Terry Carlson in her individual capacity, and permitting Plaintiff Bobby Earl Jefferson, Jr., the opportunity to cure certain service defects. Jefferson filed timely objections to the R&R, and the State

Defendants responded.[1] Because Jefferson's amended complaint states a plausible claim for relief against Defendant Roy in his individual capacity, the Court rejects the R&R's conclusion that the State Defendants' motion to dismiss be granted on that basis. The Court adopts the R&R's remaining recommendations.

## BACKGROUND

Because the R&R provides a detailed factual and procedural history, the Court briefly summarizes the background of this litigation. Jefferson worked in the metal foundry while incarcerated at the Minnesota Department of Corrections facility in Stillwater, Minnesota (DOC-Stillwater), from approximately June 1, 2015, to February 1, 2016. Jefferson alleges that he was exposed to harmful toxins while working at the metal foundry and that he suffered numerous physical injuries. According to Jefferson, Defendants were aware of the risk of exposure, conspired with one another to conceal the exposure, and continued to expose foundry workers. On September 21, 2016, Jefferson initiated this lawsuit under 42 U.S.C. § 1983, alleging that Defendants' actions violated the Eighth Amendment, Fifth Amendment, and Fourteenth Amendment to the United States Constitution. Jefferson seeks $1 million in damages. 3M, the State Defendants, and Terry Carlson in her individual capacity move to dismiss Jefferson's complaint for failure to state a claim on which relief can be granted.

---

[1] On August 24, 2017, Jefferson filed a motion to permit supplemental objections. (Dkt. 67.) But Jefferson cites no authority in support of supplementing previously submitted objections to an R&R after the deadline to object. For these reasons, the Court will not consider this untimely submission.

**ANALYSIS**

To survive a Rule 12(b)(6) motion to dismiss, a complaint must allege sufficient facts, when accepted as true, that state a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The factual allegations need not be detailed, but they must be sufficient to "raise a right to relief above the speculative level" in order to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007). When determining whether a complaint states a claim for relief that is plausible on its face, a district court accepts as true all factual allegations in the complaint and draws all reasonable inferences in the plaintiff's favor. *Blankenship v. USA Truck, Inc.*, 601 F.3d 852, 853 (8th Cir. 2010).

**I.       Jefferson's Objections to the R&R**

Jefferson objects to the R&R's recommendations that the Court grant 3M's motion to dismiss and the motions to dismiss of Defendants Roy and Carlson in their individual capacities. The Court reviews these determinations de novo, *see* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); LR 72.2(b)(3); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam), and addresses Jefferson's objections in turn.

**A.       3M**

The R&R recommends granting 3M's motion to dismiss because Jefferson fails to plausibly allege that 3M is a state actor. Jefferson objects, arguing that he alleges "pervasive entwinement" [sic] between 3M and state actors that is sufficient to sustain his constitutional claims against 3M.

Under 42 U.S.C. § 1983, private parties may be liable for constitutional violations only when they willfully participate in joint activities with a state or its agents. *See Youngblood v. Hy-Vee Food Stores, Inc.*, 266 F.3d 851, 855 (8th Cir. 2001). Without more, a contract between a private entity and a state actor is insufficient to convert a private entity's actions to those of a state actor. *See Rendell-Baker v. Kohn*, 457 U.S. 830, 843 (1982). Instead, a nexus must exist between the actions of the private entity and the fulfillment of a traditional government function. *See, e.g.*, *West v. Atkins*, 487 U.S. 42, 54-57 (1988) (finding nexus in circumstances in which private physician contracted to provide prison inmates medical care).

Here, even if 3M were aware of the allegedly harmful work conditions at the metal foundry at DOC-Stillwater and provided DOC-Stillwater with 3M respirators, Jefferson fails to allege that 3M was responsible for, or had any authority to address, the work conditions at DOC-Stillwater. Although Jefferson alleges that 3M must have been aware of the harmful conditions, Jefferson alleges no facts that create a plausible nexus between 3M's actions and the fulfillment of a traditional government function such that 3M bore any responsibility for ensuring that DOC-Stillwater inmates worked in a safe environment.

Therefore, the Court overrules Jefferson's objection to this aspect of the R&R and adopts the R&R's recommendation to grant 3M's motion to dismiss.

### B. Roy and Carlson in their Individual Capacities

The R&R also recommends granting the motions to dismiss of Defendants Roy and Carlson in their individual capacities. Jefferson objects, arguing that he alleges that

Defendant Roy was directly aware of the unlawful conduct of his subordinates and that all Defendants acted in concert with one another.

To state a plausible claim for relief against a defendant supervisor in the defendant's individual capacity, a plaintiff must allege that a government official directly participated in a constitutional violation or failed to train or supervise the offending actor who caused the deprivation. *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010). A defendant in a supervisory position may be liable for a failure to supervise when the defendant's "corrective inaction amounts to deliberate indifference to or tacit authorization of the violative practices." *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993) (internal quotation marks omitted).

The R&R determines that Jefferson fails to allege "when or in what manner Roy became aware of [his subordinate] Hammer's allegedly unlawful conduct." For that reason, the R&R concludes, Jefferson's allegations against Roy are conclusory and fail to state a claim. The Court disagrees. Jefferson's factual details need only state a claim for relief that is plausible and not speculative. Fed. R. Civ. P. 8(a); *Twombly*, 550 U.S. at 555. Jefferson alleges that Steve Hammer, the acting warden at DOC-Stillwater, "through omission and manipulative record-keeping practices, knowingly gave OSHA misleading, false reports and purposefully omitted vital information to continue exposing Mr. Jefferson to the [aforementioned] toxins, under color of law *and knowledge of Tom Roy*." (Emphasis added.) According to Jefferson's allegations, Roy not only had personal knowledge of toxic exposure, but Roy also knew that the acting warden at DOC-Stillwater was engaging in deceptive practices to ensure that toxic exposure would

5

continue. Because Jefferson's allegations are more than a conclusory statement that Roy engaged in unlawful actions or failed to supervise his subordinates, Jefferson's allegations state a plausible claim for relief. The Court sustains Jefferson's objection as to Roy in his individual capacity.

Jefferson makes no allegations of any kind as to Carlson, however. Jefferson merely lists Carlson as a defendant to this action. In his objections to the R&R, Jefferson argues that he alleges "all Defendants acted in concert," invoking the term "all defendants" as a means of efficient pleading. But to survive a motion to dismiss, Jefferson must allege sufficient facts that, if true, state a plausible claim to relief. *Iqbal*, 556 U.S. at 678. Because Jefferson alleges no facts addressing the conduct of Carlson, Jefferson's objection is overruled as to Carlson.

Accordingly, the Court sustains in part and overrules in part Jefferson's objections, denies the State Defendants' motion to dismiss Jefferson's claims against Roy in his individual capacity, and grants Carlson's motion to dismiss.

**II.     Recommendations of the R&R to Which No Objections Were Filed**

The R&R recommends several other dispositions to which no party objects. Specifically, the R&R recommends granting the State Defendants' motion to dismiss certain claims as barred by the Eleventh Amendment and recommends resolving issues related to the service of Jefferson's complaint on certain defendants. No party objects to these recommendations.

In the absence of timely objections, the Court reviews a Report and Recommendation for clear error. *See Grinder*, 73 F.3d at 795; *see also* Fed. R. Civ.

6

P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). Having reviewed the R&R, the Court finds no clear error as to any issue on which the parties have not objected.

## ORDER

Based on the foregoing analysis, the R&R, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED**:

1. Plaintiff Bobby Earl Jefferson, Jr.'s objections to the R&R, (Dkt. 66), are **SUSTAINED IN PART AND OVERRULED IN PART**, as outlined herein.

2. Plaintiff Bobby Earl Jefferson, Jr.'s motion to file supplemental objections to the R&R, (Dkt. 67), is **DENIED**.

3. The July 28, 2017 R&R, (Dkt. 65), is **REJECTED** to the extent it recommends dismissing the claims against Defendant Tom Roy in his individual capacity. The R&R is **ADOPTED** with respect to the remaining issues addressed therein.

4. The State Defendants' First Motion to Dismiss, (Dkt. 11), is **DENIED AS MOOT**.

5. Defendant 3M's Motion to Dismiss, (Dkt. 17), is **GRANTED**.

6. The State Defendants' Second Motion to Dismiss, (Dkt. 35), is **GRANTED IN PART AND DENIED IN PART**, as outlined herein.

7. Defendant Terry Carlson's Motion to Dismiss, (Dkt. 52), is **GRANTED**.

8. The outstanding service issues are to be resolved, consistent with 28 U.S.C. § 1915(d), in the following manner:

a. The Clerk's Office is ordered to provide Plaintiff Bobby Earl Jefferson, Jr., Marshal Service Forms for each of the following defendants: John R. King, Bruce Reiser, Chris Pawelk, Roy Witte, and Jeff Lonsky.

b. Within twenty-one (21) days after this Order, Jefferson must submit a properly completed Marshal Service Form (USM-285) for King, Reiser, Pawelk, Witte, and Lonsky, failing which the action will be dismissed as to those defendants without prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

c. If Jefferson complies with these requirements in a timely manner, the Clerk of Court is directed to seek the waiver of service from Defendants King, Reiser, Pawelk, Witte, and Lonsky in their personal capacities, consistent with Fed. R. Civ. P. 4(d). If a defendant sued in his or her personal capacity fails without good cause to sign and return a waiver within 30 days of the date that the waiver is mailed, the Court will impose upon that defendant the expenses later incurred in effecting service of process. Absent a showing of good cause, reimbursement of the costs of service is mandatory and will be imposed in all cases in which a defendant does not sign and return a waiver of service form. *See* Fed. R. Civ. P. 4(d)(2).

d. A copy of this Order, the July 28, 2017 R&R, (Dkt. 65), the Amended Complaint, (Dkt. 27), and its attachment, (Dkt. 27-1), shall be served

together with the Notice of Lawsuit and Request to Waive Service of a Summons and Waiver of the Service of Summons.

e. Each defendant on whom service of process is properly effected, and each defendant who waives service, will be required to file a response to Jefferson's Amended Complaint.


Dated: September 28, 2017                                       s/Wilhelmina M. Wright
                                                                Wilhelmina M. Wright
                                                                United States District Judge